Stuart R. Day WSB # 5-2244
Ryan J. Schwartz WSB # 6-3611
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307.265.0700 telephone
307.266.2306 facsimile
sday@wpdn.net
rschwartz@wpdn.net

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 JUN 24 PM 2:40

STEPHAN HARRIS, CLERK
CASPER

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDEX FREIGHT, INC., C & M STAR | ) | CIVIL ACTION No. |
| CORPORATION, CLARK OLSEN, MARTI | ) | 16 CV 174-R |
| OLSEN, EDWARD BARROWES, | ) | |
| | ) | |
| Defendant, | ) | |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, National Casualty Company, by and through counsel Williams, Porter, Day & Neville, P.C., hereby brings this action for declaratory judgment against Defendants FedEx Freight, Inc., C & M Star Corporation, Clark Olsen, Marti Olsen, and Edward Barrowes, asserting the following:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1.      National Casualty Company (hereinafter "NCC") is an insurance company incorporated and organized under the laws of the State of Wisconsin, having its principal place of business in the State of Arizona.

2.      Upon information and belief, Defendant FedEx Freight, Inc. (hereinafter "FedEx") is incorporated and organized under the laws of the State of Arkansas with its principal



{M0262263.1 13300 }

place of business at Harrison, Arkansas. At all material times, FedEx maintained a statutorily required registered agent for service of process at C T Corporation System, 1908 Thomes Ave, Cheyenne, WY 82001 USA.

3. Upon information and belief, Defendant C & M Star Corporation (hereinafter "C & M Star") is incorporated and organized under the laws of the State of Utah with its principal place of business at Spanish Fork, Utah.

4. Upon information and belief, Defendants Clark and Marti Olsen are citizens and residents of the State of Nevada.

5. Upon information and belief, Defendant Edward Barrowes is a citizen and resident of the State of Utah.

6. The matter in controversy involves diversity of citizenship between NCC and the Defendants, and exceeds the sum value of $75,000, vesting this Court with jurisdiction pursuant to 28 U.S.C. §1332(A).

7. This matter involves a declaration of rights, duties, and obligations with respect to a policy of insurance issued by NCC to C & M Star pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201.

8. This Court is vested with jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332 and 2201.

9. Venue of this matter is proper pursuant to 28 U.S.C. §1391.

## RELEVANT FACTS

### Underlying Accident

10. Upon information and belief, on or about April 22, 2015, Mr. Edward Barrowes was involved in an automobile accident while operating a tractor provided by his employer, C &

M Star (hereinafter "the Accident").

11. Upon information and belief, the Accident resulted in the death of Mr. Aleksandr Kozac.

12. Upon information and belief, at the time of the Accident, the C & M Star tractor operated by Mr. Barrowes was pulling a trailer owned by FedEx pursuant to a "Master Transportation Services Agreement" between C & M Star and FedEx.

13. Clark and Marti Olsen were the sole owners and operators of C & M Star at the time of the Accident.

### NCC Policy Provisions

14. NCC issued Commercial Auto Policy No. LTO0022924 (hereinafter "the Policy") to C & M Star, which was in effect at the time of the Accident. A certified copy of the Policy (with premium information redacted) is attached to this Complaint as Exhibit "A". All provisions of the Policy are adopted and incorporated herein by reference.

15. The Policy's "Commercial Auto Coverage Motor Carrier Coverage Form Supplemental Declarations" indicates that the Policy provides C & M Star with Covered Autos Liability Coverage up to a combined single limit of $1,000,000 "for any one Accident or Loss."

16. The insuring agreement in the Policy provides as follows:

> [NCC] will pay all sums an "insured" must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * * *

> [NCC] will have the right and duty to defend any "insured" against a "suit" asking for such damages . . . .

* * * *

[NCC] may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage of Insurance has been exhausted by payment of judgments or settlements.

17. The Policy includes a Limit of Insurance provision that provides as follows:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Covered Autos Liability Coverage Shown in the Declarations.

18. The Policy includes a "Designated Insured for Covered Autos Liability Form."

The "Designated Insured for Covered Autos Liability Form" provides as follows:

Each person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph A.1. of Section II – Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms . . . .

The "Designated Insured for Covered Autos Liability Form" attached to the Policy shows that "FedEx Freight Corporation" is listed on the Schedule.

19. The Policy grants "insured" status to any person or entity that satisfies the requirements of the "Who Is An Insured" section of the Policy. However, the "Who Is An Insured" section of the Policy includes limiting language commonly referred to as the "reciprocity provision" that provides, in pertinent part, as follows:

However, none of the following is an "insured":

(1) Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

(a) If the "motor carrier" is subject to motor carrier insurance requirements and meets

      them by a means other than "auto" liability insurance.

(b) If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

### Underlying Tort Suit

20. On December 3, 2015, Katsiaryna Krauchanka, the wrongful death representative of Aleksandr Kozak, filed a Complaint in the District Court for the Third Judicial District within and for Sweetwater County, Wyoming (hereinafter "the Underlying Tort Suit"). The lawsuit is styled <u>Katsharyna Krauchanka, Wrongful Death Rep. of Aleksandr M. Kozak, deceased, v. C&M Star Corp.; Clark Olsen; Marti Olsen; FedEx Freight, Inc.; and Edward Barrowes</u>, Civil Action File No. 15-819-L.

21. The Complaint alleges that the separate acts of named defendants C & M Star, Clark Olsen, Marti Olsen, FedEx, and Edward Barrowes proximately caused the Accident and Aleksandr Kozak's death such that all named defendants are liable for the damages suffered by Aleksandr Kozak's heirs and wrongful death beneficiaries.

22. The Complaint seeks special damages, general damages, punitive damages, and prejudgment interest.

23. NCC agreed to provide a defense to C & M Star, Clark Olsen, Marti Olsen, and Mr. Barrowes subject to a reservation of rights.

24. FedEx tendered its defense to NCC. NCC agreed to provide a defense to FedEx subject to a reservation of rights. In agreeing to provide a defense to FedEx subject to a

reservation of rights, NCC advised FedEx that FedEx likely did not qualify as an insured under the Policy due to the aforementioned "reciprocity provision" in the "Who Is An Insured" section of the policy.

## Policy Limit Demand and Settlement

25. On April 6, 2016, the attorneys representing Katsiaryna Krauchanka sent a policy limit demand letter to the attorney NCC assigned to defend C & M Star and Mr. Barrowes. The April 6th policy limit demand offered to release all claims Ms. Krauchanka held against C & M Star, Clark Olsen, Marti Olsen, and Edward Barrowes in exchange for payment of the Policy's $1,000,000 limit of coverage. The attorneys for Ms. Krauchanka refused to include FedEx as a released party.

26. NCC provided notice of the settlement demand to FedEx by letter on April 22, 2016. NCC again advised FedEx that FedEx likely did not qualify as an insured under the Policy, and that NCC's payment of its $1,000,000 policy limit would exhaust NCC's limit of coverage and leave all individuals and entities qualifying as insureds under the Policy with no further coverage for any claim arising out of the Accident. NCC also advised FedEx that NCC's payment of $1,000,000 would terminate NCC's obligation to defend any individual or entity qualifying as an insured under the Policy.

27. NCC also provided notice of the settlement to C & M Star, Clark Olsen, Marti Olsen, and Edward Barrowes. NCC advised C & M Star, Clark Olsen, Marti Olsen, and Edward Barrowes that NCC's payment of its $1,000,000 policy limit would exhaust NCC's limit of coverage and leave all individuals and entities qualifying as insureds under the Policy with no further coverage for any claim arising out of the Accident, including any claim that FedEx may have against C & M Star. NCC also advised C & M Star, Clark Olsen, Marti Olsen, and Edward


Barrowes that NCC's payment of $1,000,000 would terminate NCC's obligation to defend any individual or entity qualifying as an insured under the Policy.

28. After considering the settlement demand, the Olsens' personal attorney informed NCC that C & M Star and Clark Olsen were instructing NCC to pay the $1,000,000 limit of coverage available under the Policy to settle Ms. Krauchanka's claims against C & M Star, Clark Olsen, Marti Olsen, and Edward Barrowes.

29. NCC accepted Ms. Krauchanka's offer to settle all claims against C & M Star, Clark Olsen, Marti Olsen, and Edward Barrowes and tendered the $1,000,000 limit of coverage under the Policy. Ms. Krauchanka has received NCC's payment of the $1,000,000 limit of coverage under the Policy and has released all of her claims against C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen.

30. NCC has advised FedEx that NCC has paid the $1,000,000 limit of coverage under the Policy to settle Ms. Krauchanka's claims against C & M Star, Clark Olsen, Marti Olsen, and Edward Barrowes. NCC has agreed to continue providing a defense to FedEx in Ms. Krauchanka's lawsuit subject to a reservation of rights specifically reserving the right to seek reimbursement for defense costs NCC incurs for defending FedEx.

**FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO ABSENCE OF COVERAGE FOR DEFENDANT FEDEX**

31. NCC incorporates by reference paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32. NCC contends that the Policy does not afford coverage for the Accident for FedEx because FedEx does not qualify as an insured under the "Who Is An Insured" section of the Policy.

33. NCC believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions, and other provisions in the Policy as defenses to any claim of coverage by FedEx.

34. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of NCC and FedEx. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**WHEREFORE** NCC respectfully requests that this Court declare that the Policy does not afford coverage for the Accident for FedEx.

### SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO TERMINATION OF COVERAGE FOR DEFENDANTS C & M STAR, EDWARD BARROWES, CLARK OLSEN, AND MARTI OLSEN

35. NCC incorporates by reference paragraphs 1 through 34 of this Complaint as if set forth fully herein.

36. The insuring agreement in the Policy provides that "[NCC's] duty to defend or settle ends when the Covered Autos Liability Coverage of Insurance has been exhausted by payment of judgments or settlements."

37. Based upon this Policy language, NCC contends that its obligation to defend and indemnify Defendants C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen was terminated by NCC's payment of the $1,000,000 limit of coverage under the Policy to settle Ms. Krauchanka's claims against C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen.

38. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of NCC and Defendants C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**WHEREFORE** NCC respectfully requests that this Court declare that, by virtue of NCC's payment of $1,000,000 to settle Ms. Krauchanka's claims against C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen, NCC has no remaining obligation under the Policy to Defendants C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen.

### THIRD REQUEST FOR RELIEF – DECLARATORY JUDGMENT AS TO TERMINATION OF COVERAGE FOR DEFENDANT FEDEX

39. NCC incorporates by reference paragraphs 1 through 38 of this Complaint as if set forth fully herein.

40. The insuring agreement in the Policy provides that "[NCC's] duty to defend or settle ends when the Covered Autos Liability Coverage of Insurance has been exhausted by payment of judgments or settlements."

41. To the extent that the Court determines that FedEx qualifies as an insured under the "Who Is An Insured" section of the Policy, NCC contends that its obligation to defend and indemnify FedEx was terminated by NCC's payment of the $1,000,000 limit of coverage under the Policy to settle Ms. Krauchanka's claims against C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen.

42. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of NCC and FedEx. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**WHEREFORE** NCC respectfully requests that this Court declare that, by virtue of NCC's payment of $1,000,000 to settle Ms. Krauchanka's claims against C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen, NCC has no further obligation under the Policy to Defendant FedEx.

## FOURTH REQUEST FOR RELIEF – REIMBURSEMENT OF DEFENSE COSTS FROM DEFENDANT FEDEX

43. NCC incorporates by reference paragraphs 1 through 42 of this Complaint as if set forth fully herein.

44. NCC is currently providing a defense to FedEx in Ms. Krauchanka's lawsuit, subject to a reservation of rights, notwithstanding the fact that FedEx does not qualify as an insured under the Policy.

45. As such, NCC is entitled to reimbursement from FedEx for the cost of the defense NCC is providing to FedEx.

**WHEREFORE** NCC respectfully requests that this Court find that NCC is entitled to payment from FedEx for the cost of the defense NCC is providing to FedEx in Ms. Krauchanka's lawsuit.

## CLAIMS FOR RELIEF

46. Based upon the foregoing facts and attached exhibit, there presently exists a justiciable controversy as to whether, by virtue of NCC's payment of its $1,000,000 policy limit to settle Ms. Krauchanka's claims against C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen, NCC has any further obligation under the Policy to Defendants C & M Star, Edward Barrowes, Clark Olsen, Marti Olsen, and FedEx.

47. Accordingly, NCC respectfully requests the following alternative relief:

    a. That the Court declare that Defendant FedEx does not qualify as an insured under the Policy;

    b. That the Court declare that NCC has no further obligation under the Policy to Defendants C & M Star, Edward Barrowes, Clark Olsen, and Marti Olsen;

    c. That the Court declare that NCC has no further obligation

       under the Policy to Defendant FedEx;

d.    That NCC is entitled to reimbursement for the cost of the defense NCC is providing to Defendant FedEx in Ms. Krauchanka's lawsuit; and

e.    That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted this 24th day of June, 2016.

                          **Plaintiff National Casualty Company**

                          *[signature]*

                          Stuart R. Day WSB # 5-2244
                          Ryan J. Schwartz WSB # 6-3611
                          Williams, Porter, Day & Neville, P.C.
                          159 North Wolcott, Suite 400 (82601)
                          P. O. Box 10700
                          Casper, WY 82602
                          307.265.0700 telephone
                          307.266.2306 facsimile
                          sday@wpdn.net
                          rschwartz@wpdn.net